IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10796
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELZIE HOUSTON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-263-1-Y
--------------------
April 8, 2002

Before JONES, SMITH and EMILIO GARZA, Circuit Judges.

PER CURIAM:*

Elzie Houston appeals his guilty-plea conviction and sentence for possession with intent to distribute cocaine base under 21 U.S.C. § 841. Houston contends that the district court improperly considered unreliable hearsay evidence when it raised his offense level by two levels for possession of a firearm found in the small motel room where the drug transactions occurred. See U.S.S.G. § 2D1.1(b)(1).

The district court was entitled to consider uncorroborated hearsay evidence in determining whether to make the upward

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adjustment, particularly where Houston failed to present credible evidence to rebut the testimony or the presentence report on which the district court also relied.  United States v. Slaughter, 238 F.3d 580, 585 (5th Cir. 2000), cert. denied, 121 S. Ct. 2015 (2001) (allowing similar evidence); see also United States v. Perez, 217 F.3d 323, 331 (5th Cir.) (appellate court defers to district court's credibility calls at sentencing hearing), cert. denied, 531 U.S. 973 (2000).  The gun was in close spatial and temporal proximity to the drug crime, and Houston failed to show that it was clearly improbable that the gun was connected with the crime.  See U.S.S.G. § 2D1.1, comment (n.3); United States v. Vasquez, 161 F.3d 909, 912 (5th Cir. 1998).  The district court did not commit clear error in assessing the two-level increase.

Houston also contends that 21 U.S.C. §§ 841 and 846 are unconstitutional in light of United States v. Apprendi, 530 U.S. 466 (2000).  As he concedes, this argument is unavailing in light of Slaughter, 238 F.3d at 582.  Houston raises the issue only to preserve it for possible Supreme Court review.

The judgment of the district court is AFFIRMED.